GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
PUNEET K. GARG, ESQ.
Nevada Bar No. 9811
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email: agolden@garggolden.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY DENNIS, an individual, | CASE NO.:   2:19-cv-00793 |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| SOC LLC, a Delaware limited liability company, and MISSION SUPPORT AND TEST SERVICES, LLC, | |
| Defendant. | |

COMES NOW Plaintiff Jeffrey Dennis ("Plaintiff" or "Dennis"), by and through his attorneys, the Garg Golden Law Firm, and files this Complaint against Defendant SOC LLC ("SOC") and Mission Support and Test Services LLC ("MSTS") (SOC and MSTS, collectively "Defendants") alleging as follows:

## JURISDICTION AND VENUE

1.      This action is brought to remedy violations of the rights of Plaintiff under the Americans with Disabilities Act, as amended by the ADA Amendments Act, 42 U.S.C. § 12101 *et seq*. (the "ADA"), and the corresponding Nevada Revised Statutes ("NRS") § 613.310 *et seq*. for discrimination.

2.      Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 12101 *et seq*. and NRS § 613.330.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1 of 5

3. Venue is proper in this District pursuant to 42 U.S.C. § 12101 *et seq*. and NRS § 613.330, as all facts and circumstances surrounding Plaintiff's claims occurred in Nevada. Additionally, this Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. § 1367 and the principles of pendent jurisdiction.

## PARTIES

4. Plaintiff at all relevant times was a resident of Clark County, Nevada.

5. On information and belief, SOC is a limited liability company organized under the laws of Delaware, with operations in Nevada as the security contractor for the Nevada National Test Site.

6. On information and believe, MSTS is a limited liability company organized under the laws of Delaware, with operations in Nevada and manages the operations at the Nevada National Test Site.

## PROCEDURAL REQUIREMENTS

7. Plaintiff duly filed complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") against both Defendants.

8. The EEOC issued to Plaintiff Notices of Right to Sue with regard to the complaints against Defendants on or about May 7, 2019. Plaintiff exhausted all administrative remedies in connection with this action.

9. Plaintiff fully complied with all prerequisites for jurisdiction in this Court to bring claims under the ADA, ADAAA, and related Nevada Revised Statutes §§ 613.330. No administrative prerequisite exits for Plaintiff's other claims.

## GENERAL ALLEGATIONS

10. In or about August 2012, Plaintiff underwent a kidney transplant. The transplant was successful, and Plaintiff has had no limitations or restrictions related to any types of work.

11. In or around June 2018, Plaintiff received a conditional offer of employment from SOC for the position of Security Police Officer Trainee for its operations at the Nevada National Test Site, which Plaintiff accepted.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

2 of 5

12.     The conditional offer required Plaintiff, among other things, to meet all medical, psychological, and physical fitness requirements for Basic readiness Standards as stated in 10 C.F.R. 1046.

13.     Under the law and under SOC and MSTS's guidelines, a kidney transplant is not a disqualifier for the position for which Plaintiff received a conditional offer.

14.     Plaintiff disclosed all relevant medical information to Defendants.

15.     Plaintiff passed the Phase I medical assessment.

16.     Following the Phase II medical assessment, however, Plaintiff was denied employment based on alleged issues involving Plaintiff's renal function, and the conditional offer of employment was withdrawn by SOC and MSTS due to the alleged "need to accommodate changing work and meal schedules without potential incapacity."

17.     Based on that determination, SOC and MSTS terminated Plaintiff's employment.

18.     Nothing in Plaintiff's medical assessments, however, suggested that Plaintiff needed an accommodation in terms of work or meal schedules.

19.     Plaintiff provided Defendants with a letter from his nephrologist indicating Plaintiff had no dietary or work restrictions for any type of job and that the renal issue indicated by the physician assistant, Todd Kuhnwald, PA, who evaluated Plaintiff, was merely due to case of diarrhea causing dehydration.

20.     Nearly a year prior, Plaintiff had undergone a medical screening for a similar position at the Nevada National Test Site with the predecessor security contractor to SOC, Centerra, and was designated as being fit for "full duty."

21.     The same physician assistant, Todd Kuhnwald, PA, evaluated Plaintiff in the prior assessment as well and reported no disqualifying issues.

22.     Plaintiff attempted to appeal the withdrawal of his conditional offer of employment but was told that appeals are only available for existing employees.

23.     Despite Defendants' actions and those of the medical professionals who evaluated Plaintiff, Plaintiff remained ready, willing, and able to perform the essential functions of the job for which he had received a conditional offer of employment.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination)

24.     Plaintiff repeats and realleges the allegations of the prior paragraphs as though fully set forth herein.

25.     At all relevant times, Plaintiff was a qualified individual with a disability and who Defendants regarded as having additional disabilities that plaintiff did not have.

26.     Although Plaintiff did not seek or request any accommodations, Defendants regarding Plaintiff as having a "need to accommodate changing work and meal schedules without potential incapacity," which Defendants did not accommodate.

27.     Although Plaintiff had no disqualifying medical conditions, Defendants discriminated against Plaintiff by terminating Plaintiff's employment based on medical conditions that were not disqualifying conditions and regarding plaintiff as having additional medical conditions that he did not have.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

29.     Defendant's conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

30.     As a result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1.     Declaring that the acts and practices complained of herein are in violation of the

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1   ADA and NRS §§ 613.330;

2       2.      Awarding judgment as appropriate and requiring Defendant to pay Plaintiff's

3   compensatory damages, consequential damages, special damages, and any other damages

4   described herein and to be proven at trial, including punitive damages, back pay, and front pay;

5       3.      Awarding prejudgment interest;

6       4.      Awarding Plaintiff fees and costs associated with bringing this action, in addition

7   to reasonable attorney's fees as provided by the United States and or the Nevada statutes; and

8       5.      Granting such other and further relief as this Court deems necessary and proper.

9                                     **JURY DEMAND**

10  Plaintiff demands a jury trial on all issues triable by a jury herein.

11  DATED this 7th day of May, 2019.

12                                              GARG GOLDEN LAW FIRM

13                                              By  */s/ Anthony B. Golden*
                                                ANTHONY B. GOLDEN, ESQ.
14                                              Nevada Bar No. 9563
                                                3145 St. Rose Parkway, Suite 230
15                                              Henderson, Nevada 89052
                                                Counsel for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

5 of 5